UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PAUL OPPENHEIMER,                                :
                                                 :
                          Plaintiff,             :       24-CV-7047 (RWL)
                                                 :
        - against -                              :
                                                 :       **ORDER**
CRIZIT, LLC, et al.,                             :
                                                 :
                          Defendants.            :
-------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This is an action brought by a former employee claiming violation of wage and hour laws, including the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and breach of contract. The contract at issue employed Plaintiff as "Head of Inside Sales" on a full-time basis, pursuant to which he was to receive an annual base salary of $80,000, additional variable compensation, and various benefits. (Dkt. 11-2.) On July 23, 2025, the parties filed a settlement agreement for the Court's review and approval, along with a letter explaining why the parties believed the settlement agreement should be approved as fair and reasonable pursuant to *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

The Court has carefully reviewed the Settlement Agreement as well as the parties' letter. The Court has taken into account, without limitation, prior proceedings in this action; the attendant risks, burdens, and costs associated with continuing the action; the range of possible recovery; whether the Settlement Agreement is the product of arm's-length bargaining between experienced counsel or parties; the amount of attorney's fees; and the possibility of fraud or collusion. The Court finds that the financial terms of settlement, both the settlement amount paid to Plaintiff and the attorney's fees to be paid

1

to Plaintiff's counsel, are fair and reasonable. The Court also finds that the Settlement Agreement is the result of arms-length negotiation and not a product of fraud or collusion.

As for non-financial terms, by order dated August 11, 2025, the Court recognized that the claims asserted by Plaintiff and being settled extend beyond wage and hour claims and that, accordingly, the mutual general releases of Section 4.1 and the mutual non-disparagement provision of Section 7 were acceptable. (Dkt. 39.) With respect to certain other provisions – the No Contact provisions of Section 5 and the Confidentiality provision of Section 6 – the Court directed that the parties submit either (1) a letter explaining the basis, and providing supporting authority, for the provisions of Sections 5.1, 5.2, 5.3, and 6; or (2) a revised settlement agreement that omits those provisions; or (3) a revised settlement agreement that modifies those provisions consistent with the law, and an accompanying letter explaining the basis, and providing supporting authority, for the revised provisions. The Court further noted that with respect to the Continuing Jurisdiction provision of Section 11.9, the Court will not exercise continuing jurisdiction unless the settlement agreement is filed on the public docket.

On August 25, 2025, the parties filed a letter and revised agreement. (Dkt. 40.) The revised agreement removes the Confidentiality provision in its entirety. Accordingly, the Court's concerns about both Section 6 and continuing jurisdiction are moot. As for the No Contact provisions, the Court finds that Sections 5.2 (Current and Former Customers and Vendors) and 5.3 (Taxing Authorities) are permissible in the specific circumstances of this case, including (i) the allegations and claims extending beyond wage and hour claims; (ii) Plaintiff's former position as a sales representative (vis-à-vis Section 5.2); (iii) the Amended Complaint's seemingly inapt allegations about tax evasion

2

(vis-à-vis Section 5.3); and (iv) the qualifying language in both provisions (i.e., limiting restriction in Section 5.2 to discussion of Defendants, and limiting restriction in Section 5.3 to discussion of Defendants and also carving out exception for contact required by law).

That leaves Section 5.1 – Current and Former Employees. The parties have revised the provision but not sufficiently so. "Provisions that limit a plaintiff's ability to communicate about an FLSA settlement are … contrary to public policy because they prevent the spread of information about FLSA actions to other workers (both employees of Defendants and others), who can then use that information to vindicate their statutory rights." *Choc v Corporation #1*, No. 23-CV-3886, 2023 WL 8618746, at *5 (S.D.N.Y. Dec. 12, 2023) (internal quotation marks and citations omitted). As revised, Section 5.1 would preclude Plaintiff from communicating with current and former employees of Defendants "for the purpose of discussing any one or more the Defendants." (Dkt. 40 at ECF 5, § 5.1.) That is an overbroad restriction incompatible with public policy underlying the FLSA. To their credit, the parties include a carve out for Plaintiff to discuss the Settlement Agreement with current or former employees in the event any such employee contacts Plaintiff for that purpose. (*Id.*) But even with that exception, the provision overreaches. At the very least, courts typically require a carve-out allowing FLSA plaintiffs to make truthful statements about the facts underlying the action and their experience litigating it. *See Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016) (citing cases in reference to non-disparagement provision).

In their August 25, 2025 letter, the parties provide no explanation or special circumstances justifying even the revised restriction. Instead, they cite a case for the

3

proposition that "a stay away order is not inherently improper under *Cheeks*...." (Dkt. 40 at 1 (quoting *Vidal v. Eager Corp.*, No. 16-CV-979, 2018 WL 1320659, at *3 (E.D.N.Y. Mar. 13, 2018).) The "stay away" order in *Vidal*, however, was far more limited than the provision proposed here. In *Vidal*, the "no-entry and no-contact" provision was limited to contact at Defendant's premises, leaving the plaintiff free to "continue to contact employees outside [Defendant's] premises." *Id.* Here, in contrast, the parties' no-contact provision applies anywhere and everywhere.

On the other hand, the provisions were negotiated at arms-length, with both parties represented by counsel. And, as stated by one court approving an FLSA settlement agreement, "the Court is aware of no reason why a settling plaintiff should be allowed to accept less than the maximum potential recovery on the basis of litigation risk, but not be permitted to make nonmonetary concessions, such as minor restrictions on his right to comment on the case, for the same reason." *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (Sullivan, J.). In that case, however, the "minor" restriction at issue did not bar contact with present or former employees but instead prohibited the plaintiff from affirmatively reaching out to news media or utilizing social media to publicize the settlement and, if contacted by the media, required the plaintiff to respond "no comment" or simply that the matter had been resolved. *Id.*

Accordingly, although the Court does not find acceptable Section 5.2 as revised, the Court will approve the Settlement Agreement if Section 5.2 is either excised or revised to make exception for truthful statements about the facts underlying, and Plaintiff's experiencing litigating, his wage and hour claims. As an example, and, hewing close to

4

the parties' current formulation, the Court would approve the following in the context of this specific case:

> Plaintiff hereby covenants and agrees that he shall not directly or indirectly contact, communicate with or attempt to contact or communicate with, by email, telephone, in person, over social media, electronically, or otherwise, any current or former employee of Defendants for the purpose of discussing any one or more of the Defendants, except as required to fulfill the terms of this Agreement or except with the prior written consent of the applicable Defendant or Defendants. However, if contacted by a present or former employee of Defendants, Plaintiff is not precluded from discussing this Agreement or making truthful statements about the facts underlying, or his experiencing litigating, his wage and hour claims,

By September 15, 2025, the parties shall file a revised settlement agreement for approval.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 27, 2025
     New York, New York

Copies transmitted this date to all counsel of record.